# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

TRENTON MCADOO,

        Plaintiff,

      v.                                   Case No. 07-C-787

JOHN HANCOCK, ANTHEM BLUE CROSS
AND BLUE SHIELD, KENNETH MCADOO,
LEONARD BRADY, and CHRISTIAN LEGAL SERVICES,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Trenton McAdoo, who is incarcerated at the Wisconsin Resource Center, lodged a pro se complaint along with a motion for leave to proceed in forma pauperis. Before the court is the plaintiff's motion to amend the complaint.

The plaintiff is required to pay the statutory filing fee of $350 for this action. 28 U.S.C. § 1915(b)(1). The prisoner has been assessed and paid an initial partial filing fee of $3.13. He also paid a partial filing fee of $38.53. On December 4, 2007, upon review of the plaintiff's affidavit of indigence indicating that he is unable to pay the costs of commencing this action, the court concluded that the plaintiff met the poverty requirements of 28 U.S.C. § 1915. Thus, the plaintiff's motion for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(b)(1).

On December 4, 2007, the court reviewed the original complaint (complaint). See 28 U.S.C. § 1915(e)(2).[1] The plaintiff alleged that defendant Anthem Blue Cross and Blue Shield (Blue Cross) failed to notify him of his father's death, that the plaintiff was the sole beneficiary, and that his signature was needed. The plaintiff asserted that his signature was forged. He also alleged that defendant Attorney Leonard Brady failed to contact him to verify that the signature of his name on the sole beneficiary clause line was authentic. The plaintiff further alleged that defendant Kenneth Lee McAdoo posed as special administrator to the estate, although the plaintiff did not ask him to do so.

The plaintiff claimed that defendant Brady committed a crime by not notifying him that his signature was forged. In addition, he claimed that defendant Blue Cross "should have notified me of my father's death and for failing to bring the documents to the prison and allowing me to verify them and signing them myself. Which the signature that was sign[ed] commenced all illegal activity pertaining to the McAdoo family." (Complaint at 4). For relief, the plaintiff sought: 1) "all the money that was transacted in this estate of my father paid back to me", 2) the return of his father's house which he states was sold without his knowledge for $19,000, 3) the after burial

---

[1]Section 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
(A) the allegation of poverty is untrue; or
(B) the action or appeal –
     (i) is frivolous or malicious;
     (ii) fails to state a claim on which relief may be granted; or
     (iii) seeks monetary relief against a defendant who is immune from such relief.

- 2 -

money returned to him, 4) the home and cars returned to him, and 5) $1,000,000 for pain and suffering.  Id.

The complaint was submitted on a form complaint that is used by prisoners seeking relief under the Civil Rights Act, 42 U.S.C. § 1983.  Based on review of the complaint, the court found that it did not state a claim under § 1983 because there was no indication that the defendants were state actors.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Next, the court considered whether it had subject matter jurisdiction to entertain this action.  There was no discernable claim under the Constitution, laws, or treaties of the United States and, therefore, the court concluded that there was no federal question upon which to base subject matter jurisdiction.  See 28 U.S.C. § 1331.  Upon consideration of whether subject matter jurisdiction could be found based on diversity jurisdiction, see 28 U.S.C. § 1332, the court expressed doubt as to whether diversity of citizenship existed to satisfy § 1332.  In that regard, the court granted the plaintiff additional time until December 27, 2007, to submit a written brief showing that the defendants are citizens of a state other than Wisconsin.

Instead of filing the written brief, on December 12, 2007, the plaintiff filed a motion to amend the complaint.  The plaintiff did not include a proposed amended complaint along with his motion to amend.

Federal Rule of Civil Procedure 15(a)(1)(A) provides that a party may amend its pleading once as a matter of course before being served with a responsive

- 3 -

pleading.  In this case, no responsive pleading has been filed.  However, the right to amend as a matter of course is not absolute.  Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998) (noting that "case law acknowledges one exception to the right to amend the complaint once before the filing of a responsive pleading"); Perkins v. Silverstein, 939 F.2d 463, 472 (7th Cir. 1991).  If an amended complaint "does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss," the court may prohibit its filing.  See Duda, 133 F.3d at 1057 n.4.  "To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.  Rule 15(a) does not require the courts to undertake such an exercise."  Perkins, 939 F.2d at 472.

In his motion to amend, the plaintiff asserts that the director of defendant John Hancock violated his Fifth and Fourteenth Amendment due process rights by refusing to reimburse his money that was given away without his consent.  However, it is a basic principle of constitutional law that the Fifth and Fourteenth Amendments limit the power of only federal and state governments; they do not regulate purely private conduct.  See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (citing Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  Thus, in order to prove a constitutional violation, a plaintiff must show that the defendant is a state actor, or that he acted "under color" of state law.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974).

- 4 -

Construing the plaintiff's motion to amend liberally, there is no indication that the director of John Hancock is a state actor or that he acted under color of state law. Allowing the plaintiff to file an amended complaint against the director of John Hancock would be futile. Accordingly, the plaintiff's motion to amend will be denied.

Now, the court is again faced with the issue of subject matter jurisdiction. Having already determined that there is no federal question upon which to base subject matter jurisdiction, the court looks to whether there is diversity of citizenship to satisfy 28 U.S.C. § 1332. Although it appears that there may be no diversity of citizenship to satisfy § 1332, the court cannot definitively reach that conclusion. In order to establish diversity jurisdiction, the plaintiff will have to show that all of the defendants in this case are citizens of a state or states other than Wisconsin. Therefore, the plaintiff will be given another opportunity to provide the court with a written brief which shows that the parties have diversity of citizenship.

Such information must be filed on or before **January 25, 2008**. Failure to file this brief with the court by **January 25, 2008**, may result in dismissal of the complaint.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend (Docket #10) be and hereby is **denied**.

- 5 -

**IT IS FURTHER ORDERED** that on or before **January 25, 2008**, the plaintiff shall submit to the court a written document showing that all the defendants are citizens of a state or states other than Wisconsin. Failure to file such submission by **January 25, 2008**, may result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $308.34 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Dated at Milwaukee, Wisconsin this 7th day of January, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge