# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRENTON MCADOO,

        Plaintiff,

        v.                                           Case No. 07-C-787

JOHN HANCOCK,
ANTHEM BLUE CROSS AND BLUE SHIELD,
KENNETH MCADOO,
LEONARD BRADY, and
CHRISTIAN LEGAL SERVICES,

        Defendants.

## ORDER

Plaintiff Trenton McAdoo, who is incarcerated at the Wisconsin Resource Center, lodged a *pro se* complaint along with a motion for leave to proceed *in forma pauperis*, which the court granted on January 7, 2008. *See* 28 U.S.C. § 1915(b)(1). This matter is before the court because the plaintiff failed to file a document showing that diversity of citizenship exists among the defendants. *See* 28 U.S.C. § 1332.

On December 4, 2007, the court reviewed the original complaint under 28 U.S.C. § 1915(e)(2)[1] and found that, although it was submitted on a form complaint

---

[1] Section 1915(e)(2) provides:

>  (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal –
>      (i) is frivolous or malicious;
>      (ii) fails to state a claim on which relief may be granted; or
>      (iii) seeks monetary relief against a defendant who is immune from relief.

used by prisoners seeking relief under the Civil Rights Act, 42 U.S.C. § 1983, the original complaint did not state a claim under § 1983 because there was no indication that the defendants were state actors. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court then considered whether it had subject-matter jurisdiction to entertain this action. There was no discernable claim under the Constitution, laws, or treaties of the United States and, therefore, the court concluded that there was no federal question upon which to base subject-matter jurisdiction. *See* 28 U.S.C. § 1331. Upon consideration of whether subject-matter jurisdiction could be found based on diversity jurisdiction, *see* 28 U.S.C. § 1332, the court expressed doubt as to whether diversity of citizenship existed to satisfy § 1332. In that regard, the court granted the plaintiff additional time until December 27, 2007, to submit a written brief showing that the defendants are citizens of a state other than Wisconsin. The plaintiff was warned that failure to timely file such submission might result in dismissal of this action.

Instead of filing a written brief, the plaintiff filed a motion to amend the complaint. In his motion to amend (no proposed amended complaint was filed), the plaintiff asserted that the director of defendant John Hancock violated his Fifth and Fourteenth Amendment due process rights by refusing to reimburse his money that was given away without his consent.

On January 7, 2008, the court denied the plaintiff's motion to amend. The court reasoned that allowing the plaintiff to file an amended complaint would be

2

futile, *see Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998), since there was no indication that the director of John Hancock was a state actor or that he acted under color of state law. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974).

The court again considered the question of subject-matter jurisdiction. Having already determined that there was no federal question upon which to base subject-matter jurisdiction, the court looked to whether there was diversity of citizenship to satisfy 28 U.S.C. § 1332. Although it appeared that there was not diversity of citizenship to satisfy § 1332, the court could not definitely reach that conclusion. Thus, the plaintiff was given another opportunity to provide the court with a written submission showing that the parties have diversity of citizenship. The court ordered that on or before January 25, 2008, the plaintiff should submit to the court a written document showing that all the defendants are citizens of a state or states other than Wisconsin. The court warned the plaintiff that failure to timely file such submission might result in dismissal of this action.

The plaintiff has not filed a document demonstrating that the parties have diversity of citizenship, despite being provided two opportunities to do so. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). The court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh*, 546 U.S. at 514 (citing *Ruhrgas*

3

*AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514. Moreover, this district's Local Rules provide:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

Civil L.R. 41.3 (E.D. Wis.).

This court lacks subject-matter jurisdiction to hear the plaintiff's case. Therefore, this case will be dismissed without prejudice. *See Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).

Accordingly,

**IT IS ORDERED** this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge